IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| JAMES BROCKMAN | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 5:15cv200 |
| BOB PAGE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff James Brockman, an inmate currently confined in the Bradshaw State Jail of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights during his confinement in the Bowie County Correctional Center. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding 28 U.S.C. §636(c). The named Defendants are Warden Bob Page, the Medical Unit of the Bowie County Correctional Center, LaSalle Corrections, and Bowie County Sheriff James Prince.

**I. The Plaintiff's Claims**

Plaintiff states on August 20, 2015, he told Sgt. Summers he had slipped and fallen while trying to get out of the shower, shattering the elbow bone in his right arm. He states he has been left to suffer chronic daily pain because the medical staff will not provide treatment. After "six weeks of negligence," he was finally taken to the hospital. Plaintiff complains Warden Page allows wrongful actions to go on at the correctional center and Sheriff Prince does not monitor the jail so as to know the wrongdoing going on.

**II. The Motion for Summary Judgment**

The Defendants filed a motion for summary judgment contending Plaintiff failed to exhaust his administrative remedies. Although Plaintiff filed medical requests concerning his elbow, Defendants assert these are not equivalent to grievances. They attach as summary judgment evidence an affidavit from Robert Page, Warden of the Bowie County Jail, stating the jail has a two-step grievance procedure and Plaintiff did not file any grievances concerning the issues raised in his complaint.

**III. The Plaintiff's Response**

In his response, Plaintiff asserts he filed a Step One grievance on September 4, 2015, attaching a copy. This grievance shows Plaintiff complained of the injury and received a response dated September 8, 2015, stating he was seen for sick call and had an X-ray done which revealed bursitis, but no fracture or injury. A handwritten note from Plaintiff dated December 4, 2015, appears at the bottom of the grievance (document 26-1, p. 1) stating "grievance clerk (Scott) presented me with these copies approximately at 8:30 a.m. After I submitted Step #2 for my Step 1 grievance. Now he willing to help me after he see I'm going forth."

Plaintiff's response to the motion for summary judgment also includes another grievance, dated September 20, 2015. This grievance simply says "Elbow." The response to this grievance also states Plaintiff was seen for sick call and an X-ray was done, revealing bursitis but no fracture or injury.

Plaintiff also filed a motion to strike the Defendants' motion for summary judgment, asserting he did exhaust his administrative remedies and the Defendants' claim he did not is blatantly false and misleading. He suggests the Defendants be sanctioned if the Court determines the Defendants' statements were intentional.

Plaintiff attaches copies of the Step One grievance dated September 4, 2015, which was answered by Nurse Lynch, and the September 20, 2015 grievance which read "Elbow." He also attaches a Step Two grievance form dated December 3, 2015, which is the same day he signed his

original complaint. This form, which does not bear an answer, states Plaintiff is filing Step One and Step Two grievances with the United States District Court in order to file his lawsuit. He states the correctional center would not respond to his Step One grievance and he believes it was thrown in the trash, so he sent in a Step Two form.

### III. The Defendants' Reply to the Motion to Strike

The Defendants state they were not in possession of the Step One grievance complaining of the incident attached by Plaintiff but acknowledge Plaintiff apparently did file a Step One grievance. They maintain the grievance filed by Plaintiff which stated simply "Elbow" was not specific enough to present the issues raised in this case.

However, Defendants assert Plaintiff did not exhaust either of these Step One grievances by filing a Step Two appeal. The Step Two grievance form Plaintiff provided was never filed with jail officials or ruled upon, and this Step Two form states Plaintiff is filing it with the federal court. Because Plaintiff did not complete the exhaustion process through Step Two, the Defendants argue he did not exhaust his administrative remedies.

### IV. Legal Standards and Analysis

The law governing the exhaustion of administrative remedies is found in 42 U.S.C. § 1997e, which provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under this statute, prisoners are required to exhaust available administrative remedies before filing suit in federal court. Jones v. Bock, 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning the prisoner must not only pursue all available avenues of relief, but must also comply with all administrative deadlines and procedural rules. Woodford v. Ngo, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). This requirement means mere "substantial compliance" with

administrative remedy procedures does not satisfy exhaustion; instead, prisoners must exhaust administrative remedies properly. Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010).

According to Warden Page, exhaustion of administrative remedies for prisoners of the Bowie County Jail is done through a two-step grievance procedure. In such procedures, both steps must be pursued in order to complete the exhaustion process. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).

The summary judgment evidence shows Plaintiff filed two Step One grievances, on September 4, and September 20, 2015. Each time, he was told X-rays had been taken and no fracture or injuries were found. The summary judgment evidence further shows Plaintiff did not file a Step Two appeal of these grievances. Although he attaches a Step Two appeal to his original complaint, and a copy of this same Step Two appeal to his motion to strike (docket no. 27-1, p. 3), review of this document shows it was signed on December 3, 2015, the same day Plaintiff signed his original complaint. Even had this Step Two grievance appeal been answered at some point, it could not have exhausted Plaintiff's administrative remedies because the grievance process could not have been complete at the time the lawsuit was filed.

Plaintiff's Step Two grievance appeal complains the Bowie County Correctional Center refuses to respond to his Step One grievances, despite being included in the motion to strike along with two answered Step One grievances. To the extent Plaintiff's pleadings may be read to assert he filed grievances which were not answered, the Fifth Circuit has held as follows:

> The MJ did not err in determining that Ryan failed to exhaust administrative remedies. See Dillon v. Rogers, 596 F.3d 260, 265 (5th Cir. 2010); 42 U.S.C. §1997e(a). Ryan's conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any formal or informal grievances. See Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010).
>
> Further, while Ryan asserts that he stopped seeking relief at an unspecified stage of the grievance process after he did not receive a timely response, he has not shown that he exhausted the available legal remedies and filed his §1983 complaint after he pursued all remedies to their conclusion. See Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). The alleged lack of response from prison officials did not relieve him of his duty to fulfill the exhaustion requirement. See Gates v. Cook, 376

<blockquote>
F.3d 323, 332 (5th Cir. 2004),. His suggestion that his failure to exhaust should be excused because he was fearful that he would be retaliated against is unavailing. *See* Gonzalez v. Seal, 702 F.3d 785, 787-88 (5th Cir. 2012).
</blockquote>

Ryan v. Phillips, 558 F.App'x 477, 2014 U.S. App. LEXIS 5087 (5th Cir., March 18, 2014).

In Kidd v. Livingston, 463 F.App'x 311, 2012 U.S. App. LEXIS 3970, 2012 WL 614372 (5th Cir., February 28, 2012), the Fifth Circuit held a conclusory assertion of exhaustion and the production of an unprocessed Step Two grievance form did not create a genuine dispute as to Plaintiff's exhaustion of this grievance. *See also* Howe v. Livingston, civil action no. 9:11cv162, 2012 U.S. Dist. LEXIS 134138, 2012 WL 4127621 (E.D.Tex., September 17, 2012, appeal dismissed) (conclusory assertion that grievances "disappeared or were never answered" was insufficient to show exhaustion; Nunez v. Goord, 172 F.Supp,3d 417, 428-29 (S.D.N.Y. 2001) (inmate's unsupported claims that his grievances were lost at the grievance office or destroyed by officers failed to excuse the inmate from the exhaustion requirement).

Plaintiff has likewise failed to offer anything other than conclusions to show he filed grievances which were not answered or the exhaustion requirement should otherwise be excused. The Fifth Circuit has held district courts have no discretion to excuse a prisoner's failure to properly exhaust the grievance procedure before the filing of the complaint. Instead, pre-filing exhaustion is mandatory and the case must be dismissed if available administrative remedies were not exhausted. Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012). Because Plaintiff did not exhaust his administrative remedies, his complaint must be dismissed with prejudice for purposes of proceeding *in forma pauperis*.

**IV. Conclusion**

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Securities and Exchange Commission v.

Recile, 10 F.3d 1093, 1097 (5th Cir. 1994); General Electric Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 948 (5th Cir. 1992); Rule 56(c), Fed. R. Civ. P.

A review of the pleadings and the summary judgment evidence in this case, viewed in the light most favorable to Plaintiff, shows there are no disputed issues of material fact and the Defendants are entitled to judgment as a matter of law on the issue of exhaustion of administrative remedies. It is accordingly

**ORDERED** the Defendants' motion for summary judgment (docket no. 22) is **GRANTED**. It is further

**ORDERED** the above-styled civil action is **DISMISSED** with prejudice for purposes of proceeding *in forma pauperis*, but without prejudice if the Plaintiff pays the full filing fee and does not seek *in forma pauperis* status. Finally, it is

**ORDERED** that any and all motion which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 13th day of December, 2016.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE